**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WISKENDY FRANCOIS, | Case No.:  3:25-cv-03635-BTM-MMP |
| Petitioner, | |
| v. | **ORDER DISMISSING IN PART AND DENYING IN PART PETITION FOR HABEAS CORPUS** |
| WARDEN OF OTAY MESA DETENTION CENTER, | **[ECF NO. 1]** |
| Respondent. | |

Pending before the Court is Wiskendy Francois's[1] petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  For the reasons stated below, the petition is **DISMISSED IN PART** and **DENIED IN PART**.

---

[1] The Ninth Circuit has held that "the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity." *United States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008) (quoting *United States v. Doe*, 488 F.3d 1154, 1156 n.1 (9th Cir. 2007)).  The Petitioner did not move the Court to conceal his identity or otherwise argue that he needed anonymity in this case.  *Cf.* Fed. R. Civ. P. 26(c) (Protective Orders).  Thus, the Court uses the Petitioner's name listed on the first page of the petition in its order.  (*See* ECF No. 1 ("Pet."), at 1.)

## I.   BACKGROUND

Francois, a citizen of Haiti, was admitted into the United States under a B-2 nonimmigrant visa on August 16, 2016.  (Pet., 1; ECF No. 4, Ex. 1 ("Form I-213"), at 2.) On February 6, 2025, Francois was arrested on an outstanding capias warrant and for driving with a suspended license.  (Form I-213, at 2.)  The next day, he was transferred from a Florida county jail to the custody of the Department of Homeland Security.  (ECF No. 4 ("Return"), at 2.)  The Department found that Francois violated the Immigration and Nationality Act ("INA") by remaining in the country after his visa expired on February 15, 2017.  (Form I-213, at 2.)  *See* 8 U.S.C. § 1227(a)(1)(B).  The Department then placed Francois in Section 1229a removal proceedings.   (ECF No. 4, Ex. 2, at 1.)

Since Francois's proceedings began on February 27, 2025, he has applied four times to the immigration courts to be released from custody.  On March 18, 2025, an immigration judge found that—based on eight traffic-stop violations Francois had accumulated since 2021 and his capias-warrant history—he failed to show that he was not a public safety or bail risk.  (ECF No. 4, Ex. 3.)  The immigration judge then denied his request.  (*Id.*)  In subsequent orders issued on May 13, June 27, and December 3, an immigration judge held that Francois failed to show a material change of circumstances required to reconsider his custody.  (ECF No. 4, Exs. 4–6.)  Francois did not appeal these orders to the Board of Immigration Appeals. (Return, 3.)

Francois is currently detained at the Otay Mesa Detention Center pursuant to 8 U.S.C. § 1226(a).  (*Id.* at 2.)  On December 15, 2025, he petitioned the Court for a writ of habeas corpus.  Francois also applied for asylum; his case is scheduled to be heard on March 16, 2026. (*Id.* at 2; ECF No. 6 ("Traverse"), at 2.)

## II.   DISCUSSION

Francois seeks relief on four grounds.  He argues first that the Respondents violated his Due Process rights by denying him an individualized custody review.  (*See* Pet., 6.) Second, that the Respondents violated Section 241(a)(6) of the INA, as interpreted in *Zadvydas v. Davis*, 533 U.S. 678 (2001), by indefinitely detaining him.  (*See id.*)  Third,

25-cv-3635

that the Respondents violated the Administrative Procedure Act ("APA") by detaining him arbitrarily and capriciously. (*See id.*) Fourth, that the Respondents violated Section 236(a) of the INA by subjecting him to "mandatory detention." (*See id.* at 7.)

The Respondents contest the Court's jurisdiction to review the petition. (Return, 4–7.) They also claim that Francois did not exhaust his administrative remedies. (*Id.* at 7–9.) On the merits, they claim that Francois is properly detained under the INA and that his APA claim is without merit. (*Id.* at 3, 10.)

The Court addresses jurisdiction and the claims in turn.

### A.    Jurisdiction

The Court has long had jurisdiction to issue writs of habeas corpus to petitioners held in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C § 2241(c)(3); *see* Judiciary Act of 1789, ch. 20, 1 Stat. 73, 81–82. Yet the Respondents argue that the Court lacks jurisdiction over this petition under 8 U.S.C. § 1252(a)(5), (b)(9), and (g).

These are the same jurisdictional arguments that other decisions in this district have soundly rejected. *See, e.g.*, *N.A. v. LaRose*, 2025 WL 2841989, at *3 (S.D. Cal. Oct. 7, 2025); *Garcia v. Noem*, No. 25-cv-02180-DMS-MMP, 2025 WL 2549431, at *3 (S.D. Cal. Sept. 3, 2025); *Tran v. Noem*, No. 3:25-cv-02391-BTM-BLM, 2025 WL 3005347, at *2 (S.D. Cal. Oct. 27, 2025). Francois does not ask the Court to review his removal proceedings. Rather, he challenges the legality of his detention. (*See* Traverse, 5–6.) Even Francois's claim that the immigration court "wrongfully denied" his requests to be released from custody does not challenge "any part of the process by which [his] removability will be determined." (Pet., 6.) *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018). The Court therefore adopts the reasoning of the other decisions in this district, rejects the Respondents' arguments, and finds that it has jurisdiction to review the petition.

### B.    Due Process

Under 8 C.F.R. § 1236.1(d)(1), a detainee may request that an immigration judge review his custody and release him with or without bond. Francois claims that the

25-cv-3635

Respondents "violated [his] due process rights by denying him an individualized custody review to which he is entitled under ICE policy." (Traverse, 6.)

Yet the Respondents appear to have reviewed his applications for release from custody several times since his detention began. The March 18 immigration court order relies on Francois's eight traffic-stop violations and capias history to deny his release from custody. (ECF No. 4, Ex. 3.) The orders thereafter reference the initial determination and Francois's personal history before denying his request. For instance, the June 25 order mentions new evidence that Francois was eligible to receive a reinstated license. (ECF No. 4, Ex. 5.) The record before the Court reflects that Francois received individualized custody reviews. Although the reviews denied Francois's requests, he was not denied an individualized hearing altogether.

Furthermore, Francois failed to exhaust his administrative remedies by appealing his custody determinations to the Board of Immigration Appeals. The Ninth Circuit has long held that a petitioner "must exhaust administrative remedies" by appealing constitutional claims to the Board of Immigration Appeals before raising those claims in a habeas petition. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 819 (9th Cir. 2003). Francois instead pursued habeas review of the immigration court's denials ahead of his administrative appeal. "This short cut was improper." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011).

When a petitioner takes this shortcut, "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings" until administrative remedies are exhausted. *Leonardo*, 646 F.3d at 1161. Because Francois has not asked for a stay, the Court dismisses this claim. The dismissal is without prejudice to another petition that follows the exhaustion of administrative remedies. *See id.* at 1160 ("If [the petitioners] are dissatisfied with the IJ's bond determination, they may file an administrative appeal . . . [with] the BIA. If [the petitioners] remain dissatisfied, they may file a petition for habeas corpus in the district court." (citation modified)). The Court notes that an appeal of the most recent custody determination to the Board of Immigration Appeals is not the only

administrative remedy left open to Francois.  Should his deadline to file an appeal run out, he may request another custody redetermination at any time before a final order of removal is issued.  *See* C.F.R. § 1003.19(e).  His claim that his traffic-stop violations have been disposed may constitute changed circumstances for the immigration courts.

### C. INA § 241(a)(6) and *Zadvydas*

In *Zadvydas v. Davis*, the Supreme Court construed 8 U.S.C. § 1231(a)(6) to limit the time a noncitizen[2] can be detained after receiving an order of removal.  533 U.S. at 682. After six months in custody, a detainee may rebut the presumption that his continued confinement serves the goals of detention.  If there is no significant likelihood of removal in the reasonably foreseeable future, for example, it is unlikely that further indefinite detention will facilitate a noncitizen's removal.  *See id.* at 697.  Francois argues that, after eleven months in custody, his detention does not serve a purpose and so is "unreasonably prolonged."  (Traverse, 11.)

But *Zadvydas*'s petitioners had final orders of removal under 8 U.S.C. § 1231(a)(6). Removal was the purpose of detention.  And once removal was "no longer practically attainable," the petitioners challenged their ongoing detention.  *Zadvydas*, 533 U.S. at 690. Here, Francois does not have a final order of removal.  His detention under Section 1226(a) "serves the purpose of preventing deportable" noncitizens from fleeing during removal proceedings.  *Demore v. Kim*, 538 U.S. 510, 528 (2003).  Because the purposes of detention are different for a petitioner without a removal order, Section 1231(a)(6) does not avail Francois.

The Ninth Circuit has extended the *Zadvydas* doctrine and held that Section 1226(a) "does not authorize indefinite detention."  *Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008).  The touchstone is whether the detainee "foreseeably remains *capable* of being removed—even if it has not yet finally been determined that he *should be* removed . . . ."  *Id.* at 1065.  In *Prieto-Romero v. Clark*, the Ninth Circuit found that the

---

[2] This order uses the term "noncitizen" as equivalent to the statutory term "alien."  8 U.S.C. § 1101(a)(3); *see Barton v. Barr*, 590 U.S. 222, 226 n.2 (2020).

25-cv-3635

petitioner's three-year detention was not indefinite because there was still a significant likelihood of removal in the reasonably foreseeable future. His detention still served the purpose of removal. There was also no evidence that he was unremovable.

Here, Francois's detention is related to the purpose of his detention. The "'basic purpose' of the immigration detention is 'assuring the alien's presence at removal.'" *Prieto-Romero*, 534 F.3d at 1065 (quoting *Zadvydas*, 533 U.S. at 699). Francois's personal history may warrant detention to assure his presence at removal. Also, compared to the petitioner in *Prieto-Romero*, whose detention "lack[ed] a certain end date," Francois's detention is more definite. *Prieto-Romero*, 534 F.3d at 1063. He is not subject to an "indefinite period of time" in detention because he has an asylum hearing on March 16, 2026, that will decide his removability moving forward.

The Court denies his claim that his detention violates 8 U.S.C. § 1231(a)(6) because he has no final order of removal. The Court also denies his claim that his detention is indefinite and in violation of *Zadvydas*.

### D.     APA

Francois argues that the Department of Homeland Security "has deviated from its own policy in continuing to detain Petitioner after he was granted immigration relief." (Traverse, 7.) But Francois does not identify which policy the Department departed from or what immigration relief that Francois was granted. The I-213 form provided by the Respondents claims that he applied for asylum on May 18, 2018, and was "eligible for interview." (I-213, at 2.) It does not state that he received asylum. Conversely, Francois stated in his petition that he was detained "after asylum was granted." (Pet. 6.) He presents no evidence that he was previously given asylum by the United States.

Without information about the immigration relief that Francois was granted before being detained, the Court cannot determine whether the Respondents violated the APA. The Court denies without prejudice this claim.

25-cv-3635

**E.    INA § 236(a)**

Lastly, Francois claims that the Respondents placed him in mandatory detention and violated 8 U.S.C. § 1226(a), "which authorizes immigration judges to conduct bond hearings pending a decision on whether to remove" a noncitizen. (Pet., 7.)  He argues that "the discretionary parole system available to § 1225(b) detainees are not sufficient to overcome the constitutional concerns raised by prolonged mandatory detention . . . ." (Traverse, 9.)

Yet as the Respondents concede, Francois is detained pursuant to 8 U.S.C. § 1226(a). Under that section, the Attorney General has the discretion to detain or release noncitizens on bond or parole.  This is opposed to Section 1225, which "mandate[s] detention of applicants for admission until certain proceedings have concluded."  *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018).  Because Francois is detained under Section 1226(a), he is not subject to mandatory detention.  Thus, the Court denies this claim.

**III.    CONCLUSION**

For the reasons stated above, the petition for the writ of habeas corpus is **DISMISSED IN PART** and **DENIED IN PART**.  The Court **DISMISSES** without prejudice the Petitioner's claim that he was not granted an individualized custody review.  The Court **DENIES** without prejudice the Petitioner's claims that the Respondents violated the INA, the APA, and *Zadvydas*.

**IT IS SO ORDERED.**

Dated:  January 20, 2026

Honorable Barry Ted Moskowitz
United States District Judge

7

25-cv-3635